## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NESTOR SOLOMAN BACA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1335-R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, regarding the execution of his sentence. United States District Court Judge David L. Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). It is recommended the Petition be summarily **DISMISSED**, as it appears from the petition and attachments that Petitioner is not entitled to relief.

## I.     PROCEDURAL BACKGROUND

Petitioner states he was initially incarcerated on a conviction for state drug offenses and imprisoned in New Mexico.[1] He was placed on probation in August 2009, but he violated his probation and was returned to state prison for an additional sixty-six months. In connection with the parole violation, Petitioner was also charged under federal law for possession of ammunition by a felon. He cites 18 U.S.C § 924(a)(2) as the statutory basis of his federal charge. Petitioner challenges the execution of his

---

[1] The procedural history is based on Petitioner's allegations in his Petition. (ECF No. 1).

sentence. He contends he is entitled to a little more than seven months' credit towards his federal sentence.

## II.    STANDARD OF REVIEW

The court has a duty to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Rule 4 may be applied in the court's discretion to actions brought pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts; *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1(b)).

## III.    ANALYSIS

In June 2012, while Petitioner was still in state custody serving his state sentence for parole violation for which he was not yet eligible for parole, federal officials lodged a detainer against him based on the federal firearms charge. Petitioner pled guilty to and was convicted of the federal charge of felon in possession of ammunition on February 14, 2013. He was sentenced to sixty-four months in federal prison.

Petitioner contends he was in "federal custody" from June 28, 2012, until February 14, 2013—a period of a little over seven months. Petitioner seeks credit against his federal sentence pursuant to 18 U.S.C. § 3585. (ECF No. 1:3).

The calculation of a term of imprisonment on a federal conviction is governed by 18 U.S.C. § 3585. Generally, a federal sentence to a term of imprisonment "commences on the date the defendant is received in custody awaiting transportation to, or arrives

2

voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Time credit for prior custody towards the federal sentence is given for "time he has spent in official detention prior to the date the sentence commences" or "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed[.] 18 U.S.C. § 3585 (b)(1)-(2). Both of these provisions include a caveat: credit towards a federal sentence can only be given if the time "*has not been credited against another sentence*. (*Id.*) (emphasis added).

In this case, Petitioner was retrieved from state custody via a writ while he was still serving his state sentence. Attached to his Petition is the Response of J. A. Keller, Regional Director of the BOP, affirming the denial of a previous grievance apparently filed and denied at the facility level.[2] The document informs Petitioner of the reason underlying the denial of his grievance appeal:

> You were retrieved from state custody, via federal writ, on June 27, 2012, for the purpose of sentencing you on your federal charges. After sentencing, you were returned back to state custody to finish serving your state sentence. Your federal sentence commenced on June 10, 2013, the date you paroled from your state sentence and came into exclusive federal custody. The additional prior custody credit you request is precluded under 18 U.S.C. § 3585(b), as it has been applied to another term of imprisonment. Your current projected release date is January 18, 2018, via Good Conduct Time release. Accordingly, your sentence computation is accurately calculated in accordance with all applicable federal statutes and BOP policy.

---

[2] Petitioner has not attached the Warden's Response to his grievance, nor has he attached any documents suggesting he completed the BOP's grievance procedure by filing an appeal to the BOP. *See* Doc. No. 1-2.

(ECF No. 1-2). Thus, it plainly appears from the Petition and the attached exhibit that Petitioner is not entitled to relief.

Petitioner also contends the BOP caused his state sentence to interrupt his federal sentence, allegedly committing "the major mistake in failing to designate the state prison as the place of confinement for his federal sentence." (ECF No. 1:5). Petitioner cites *McGhee v. Strada*, WL 4417722, at \*4 (M.D. Pa., 2013) for this apparently unexhausted claim. In *McGee*, the petitioner had appeared for sentencing in federal court pursuant to a *prosequendum writ*. Primary custody, however, was retained by the state. When the petitioner argued he should have been given credit against his federal sentence for the time he was appearing in federal court pursuant to the writ, the Third Circuit held, "A federal sentence does not begin to run when a defendant is in federal custody under such a writ because the state remains the primary custodian in those circumstances." *Id. McGee* does not support Petitioner's claim to additionally credited time towards his federal sentence.

For these reasons, it is recommended that the petition for habeas relief be summarily dismissed pursuant to Rule 4, Rules Governing 2254 Cases in the United States District Courts.

## **RECOMMENDATION**

It is recommended that the Petition (ECF No. 1) be **DISMISSED** on initial review pursuant to Rule 4, Rules Governing Section 2254 Cases.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **May 16, 2016**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case.

ENTERED on April 28, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE